# EXHIBIT G

```
           M1PAABIOC                Conference


 1     UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
 2     ------------------------------x

 3     BIONPHARMA INC.,

 4                   Plaintiff,

 5              v.                           21 CV 10656 (JGK)

 6     CORERX, INC.,

 7                   Defendant.

 8     ------------------------------x
                                             New York, N.Y.
 9                                           January 25, 2022
                                             10:30 a.m.
10
       Before:
11
                         HON. JOHN G. KOELTL,
12
                                             District Judge
13
                              APPEARANCES
14
       HOLLAND & KNIGHT LLP
15          Attorneys for Plaintiff Bionpharma
       BY:  CHARLES A. WEISS
16          MARISSA A. MARINELLI

17
       BUCHANAN INGERSOLL & ROONEY PC
18          Attorneys for Defendant Corerx
       BY:  PETER S. RUSS
19          MATTHEW L. FEDOWITZ

20

21

22

23

24

25
```

1             (Case called)

2             (Case called)

3             THE COURT:  Who is on the line for the plaintiff?

4             MR. WEISS:  For plaintiffs, your Honor, it is Charles

5    Weiss, W-E-I-S-S, and Marissa Marinelli, M-A-R-I-E-L-L-I, both

6    of Holland & Knight, New York.

7             THE COURT:  All right.  Who is on the phone for the

8    defendant?

9             MR. RUSS:  Your Honor, Peter Russ, R-U-S-S.  And with

10   me is Matthew Fedowitz, F-E-D-O-W-I-T-Z, both from Buchanan,

11   Ingersoll & Rooney.

12            THE COURT:  Okay.  This is a motion for a preliminary

13   injunction.  I am prepared to listen to the parties.  I am

14   familiar with the papers.  I had thought that the parties had

15   reached an agreement that would have preserved the status quo

16   pending ultimate decision on the merits.

17            So with that, a background, Mr. Weiss.

18            MR. WEISS:  Yes, your Honor.

19            The parties have agreed preserve the status quo in

20   terms of maintaining the ability of Corerx to manufacture the

21   product and still Bionpharma's orders under the contract at

22   issue if the Court were to grant a preliminary injunction.  So,

23   for example, that Corerx has the raw materials necessary to

24   make the product, that Corerx would maintain those materials in

25   its inventory unless Bionpharma asked to have them transferred

```
 1    out to someone else, that Corerx would not disassemble its
 2    manufacturing line or things like that.  So, the transfer
 3    agreement was to preserve that and the parties did do that and
 4    we do that have that in place which would resolve the temporary
 5    restraining order.
 6              So, next as the Court knows, is the relief sought by
 7    plaintiff Bionpharma to compel Corerx to continue performance
 8    under the supply agreement in a manner that would tied it over
 9    until Bionpharma is able to get a new manufacturer up and
10    running.
11              The ultimate relief that Bionpharma would seek in
12    terms of final judgment, et cetera, is broader than that.  But
13    in terms of a preliminary injunction, we are at this point not
14    asking the Court to compel Corerx to perform in perpetuity
15    until the contract expires but just to tie Bionpharma over.
16    And from the information that's been developed since we were
17    last in front of your Honor and conversations with the client,
18    that would be satisfied if Corerx were to fill the remaining
19    quantities of the order that were due to be placed in December
20    and one additional order.
21              So, essentially, that is three batches of products
22    would be sufficient to tie Bionpharma over until its able to
23    get a new manufacturer up and running.  And given that this is
24    only a preliminary injunction, we're seeking final judgments on
25    the merits, we think it's appropriate to limit the request
```

1     what's necessary to get over the hump, so to speak.
2                THE COURT:  What you said is not crystal clear to me.
3     Fill the remaining quantities of the December order and then
4     you said "three batches".
5                MR. WEISS:  Sorry, your Honor.
6                So, the December order was three batches.  That was
7     partially filled and there were roughly, the balance of the
8     December order is roughly two more batches.  In addition,
9     Bionpharma placed another order for one more batch.  So, if we
10    look at the total that is being sought, it is the balance of
11    the December order which is just a little bit more than two
12    batches, plus, the additional batch, additional order that was
13    placed.
14               THE COURT:  When was the additional order placed?
15               MR. WEISS:  That was placed at around the time that we
16    filed the lawsuit.  We're pretty certain given the fact that
17    the Court had already said they wouldn't perform that they
18    would not accept that order but we didn't want to be in a
19    position that the Court would say, well, you didn't place your
20    order under the agreement.  So, that order would have been
21    placed in any event.  If the parties did not have this dispute,
22    Bion went ahead and placed it and as expected the Court didn't
23    accept it.
24               THE COURT:  When was the date of that order?
25               MR. WEISS:  I will have to look for the specific date,

1    your Honor.  I believe it was in early January.
2                THE COURT:  That wasn't specifically referred to in
3    the papers, I don't think.
4                MR. WEISS:  No.  It was not, your Honor.  We did say
5    in the papers in terms of the relief sought that it was to have
6    Corerx to continue to perform under the agreement at least
7    until Bionpharma was able to get a new supplier.  We now know
8    what that would require and it's basically three batches.
9                THE COURT:  Okay.  That's helpful.
10               MR. WEISS:  Okay.  Should I continue, your Honor, with
11   the merits or --
12               THE COURT:  Yes, in just a moment, but I had one other
13   question.
14               In terms of all of the -- litigation, there were the
15   lawsuits, among others, against as already brought against
16   Corerx.  Azurity voluntarily dismissed those lawsuits against
17   Corerx, right?  There were two lawsuits against Corerx and
18   Azurity had already dismissed those lawsuits?
19               MR. WEISS:  Yes, your Honor.  One in Delaware and one
20   in Florida voluntarily dismissed.
21               THE COURT:  Okay.  Are there any continuing lawsuits
22   that are now pending for patent infringement?
23               MR. WEISS:  Against Bionpharma, there is.  There is
24   the case that was referred to in our opening papers which was
25   the one in Delaware where Azurity sort of preliminary